ST. CHARLES MANUFACTURING CO., Plaintiff,

v.

ST. CHARLES FURNITURE CORP., and Wieboldt Stores, Inc., Defendants.

No. 79 C 1214.

United States District Court, N. D. Illinois, E. D.

Sept. 6, 1979.

Robert E. Wagner, Gerald T. Shekleton, Robert E. Browne, Wagner & Aubel, Lawrence A. Coles, Jr., Coles & Wise, Ltd., Chicago, Ill., for plaintiff.

William D. Heinz, Jenner & Block, Chicago, Ill., for defendants.

## ORDER

ROSZKOWSKI, District Judge.

The court has reviewed the briefs and exhibits filed by the parties in connection with plaintiff's motion for a preliminary injunction, as well as the testimony in open court of F. Steven Berg, President and Chief Executive Officer of defendant's parent corporation, on the issue of whether defendant's name was chosen in good faith. Based on this review, the court grants plaintiff's motion for a preliminary injunction and the following constitute the findings of fact and conclusions of law required by F.R.C.P. 52(a).

1. Plaintiff, St. Charles Manufacturing Co., is an Illinois Corporation having its principal place of business at 1611 E. Main Street, St. Charles, Illinois.

2. Defendant, St. Charles Furniture Corp., is a Delaware Corporation having a principal place of business at Wright City, Missouri.

3. Defendant, Wieboldt Stores, Inc., is an Illinois Corporation having a principal place of business at 1 North State Street, Chicago, Illinois.

4. This is an action for infringement of federally registered trademarks and service marks, and false representation, both arising under the Trademark Act of 1946 (15 U.S.C. §§ 1051–1127), and unfair competition, dilution, deceptive trade practices and consumer fraud under the laws of the State of Illinois. This court has jurisdiction over the subject matter herein pursuant to 15 U.S.C. § 1211, 28 U.S.C. §§ 1332, 1338(a) and 1338(b). Further, this Court has personal jurisdiction over the parties named herein.

5. For more than 40 years, plaintiff, St. Charles Manufacturing Co. has been, and continues to be engaged, in the business of designing and manufacturing furniture cabinets for use in homes, laboratories, schools and hospitals. Plaintiff has carried on this business throughout the United States and is recognized as a leading manufacturer of quality furniture.

6. Plaintiff has, since the inception of its business, extensively advertised and marketed its design services and furniture products under its trade name and trademark "St. Charles". This mark has been used throughout the United States in connection with the advertising and sale of St. Charles' products and services. In particular, advertising using plaintiff's mark "St. Charles" has occurred through magazines, displays, billboards, cards, newspapers, telephone yellow pages, posters and promotional items.

7. As a result of plaintiff St. Charles' extensive sales and advertising of its furniture products and services in association with its mark and name "St. Charles", and due to the excellent quality of such products, St. Charles enjoys and has long enjoyed an exceedingly valuable reputation and good will among the trade and purchasing public with respect to its services and products bearing its "St. Charles" name and mark. Long prior to defendants' acts complained of, the consuming public has recognized, and now recognizes, the trademark "St. Charles", as applied to furniture products, as being associated with plaintiff alone. The mark and name "St. Charles" has acquired a secondary meaning in the United States as identifying and distinguishing furniture products and services as coming exclusively from plaintiff.

8. Plaintiff the owner of federal trademark and service mark registrations covering the mark "St. Charles". Each of these registrations is valid, subsisting, and in full force and effect. Such registrations include the following:

| MARK | REGISTRATION NO. AND DATE | DATE OF FIRST USE | GOODS OR SERVICES |
|------|---------------------------|-------------------|-------------------|
| St. Charles | 748,839 | 1939 | Furniture Casework |
| St. Charles | 1,093,131 | Dec. 31, 1939 | Furniture Casework and custom design of furniture. |

These registrations were either in existence, or applied for, in the Patent and Trademark Office prior to defendant's adoption of the name "St. Charles".

9. On or about, May, 1977, defendant St. Charles commenced using the mark and name "St. Charles" in connection with furniture products. Defendant St. Charles, in advertising its goods, generally uses the term in a trademark manner, presenting the trademark "St. Charles" in type larger than adjacent words and in a manner to call attention to such trademark.

10. Defendant St. Charles began its use of the mark "St. Charles" on furniture products in May, 1977 when the bankrupt "Permaneer" furniture company of Wright City, Missouri was purchased by National Home Products, the parent corporation of defendant St. Charles. Mr. F. Steven Berg, President and Chairman of National Home Products, was directly responsible for the selection and adoption of the name "St. Charles". Based on the demeanor of Mr. Berg when he testified in these proceedings, his testimony was credible that he was unaware of plaintiff in selecting defendant's name and that Mr. Berg had no intent to trade upon plaintiff's name. The name "Permaneer" was dropped because it had a bad reputation. Mr. Berg admitted that the good name of a business is important to its success.

11. Defendant is not located in either St. Charles, Missouri or in the county of St. Charles. In fact defendant is located in Wright City, Missouri, several miles from St. Charles.

12. Defendant St. Charles has used "St. Charles" extensively on business cards, invoices, stationery, printed advertising and furniture cartons.

13. Although notified of infringement by plaintiff in about November of 1978, defendant has refused to change its name.

14. The designation "St. Charles" alone, or names such as "St. Charles Furniture Corp." as used by defendants, dominated by the word "St. Charles" are so similar or nearly identical to plaintiff's name and trademark "St. Charles" as to constitute colorable imitations thereof and are likely to result in confusion, mistake and deception as to the source or origin of the products or as to some association, sponsorship or connection between defendant St. Charles and plaintiff. Defendant's use of the mark "St. Charles" constitutes an infringement and dilution of plaintiff's distinctive trademarks and service marks and a false representation of origin and unfair competition against plaintiff.

15. Defendant Wieboldt's, in conjunction with defendant St. Charles, through advertising offered furniture products for sale under the mark "St. Charles" in the *Chicago Tribune.*

16. The aforesaid acts of defendants, if continued, would jeopardize and irreparably damage plaintiff's intangible good will and business reputation associated with and based on its "St. Charles" marks.

17. Irreparable injury would also occur to plaintiff St. Charles if preliminary injunctive relief against defendant's use of the trade name and trademark "St. Charles" were not entered.

18. The balance of equities tips heavily in plaintiff's favor, particularly in view of plaintiff's 40 years of prior use of the mark "St. Charles", its large investment of time and money in the mark, and the goodwill which it has built up as a result. On the other hand, defendant just adopted the

name in May of 1977 and was notified of infringement in November of 1978.

19. At least one instance of actual confusion has occurred, when a customer of defendant St. Charles wrote plaintiff St. Charles complaining of late shipments by defendant St. Charles.

## CONCLUSIONS OF LAW

1. This action arises under the Trademark Laws of the United States. Jurisdiction is based on 28 U.S.C. § 1338(a) and 15 U.S.C. § 1051 *et seq.* (Federal Trademark and Unfair Competition) and 28 U.S.C. § 1338(b) (pendent and related claims of unfair competition).

2. This court has jurisdiction over the subject matter of this action and the parties hereto and venue is proper.

3. Defendant's use of "St. Charles" in interstate commerce in a manner affecting plaintiff's enjoyment of its trade name and trademark rights and its long prior use of its mark "St. Charles" in interstate commerce is a use of defendant's mark in "commerce which may be lawfully regulated by Congress." 15 U.S.C. § 1127; *Drop Dead Co. v. S. C. Johnson & Son, Inc.*, 326 F.2d 87, 94 (9th Cir. 1963) *cert. denied*, 377 U.S. 907, 84 S.Ct. 1167, 12 L.Ed.2d 177 (1964).

4. As between the parties, it is clear that the plaintiff St. Charles was the first to adopt and use the trade name, trademark and service mark "St. Charles" in connection with furniture products and services both in Illinois and Missouri and beyond the limits of those states. Accordingly, plaintiff, as the original owner of the "St. Charles" name and mark and as the registrant of the mark under Title 15 of the United States Code, is entitled to protection against any adverse use of the name or a confusingly similar name or mark through injunctive relief. 15 U.S.C. § 1114(1); *McClean v. Fleming*, 96 U.S. 245, 24 L.Ed. 828 (1877).

5. Plaintiff is the owner of the good will associated with the use of its "St. Charles" mark in Illinois and elsewhere in connection with its furniture products and services. Plaintiff is also the owner of each of the federal trademark and service mark registrations set forth in Factual Finding No. 8 above. Each of these marks and their registrations are valid and subsisting.

6. Prior to defendant's adoption of the name "St. Charles" in connection with their furniture products, plaintiff's federal registration No. 758,839 above identified was in effect. Therefore, defendants had constructive notice of St. Charles' ownership of the mark "St. Charles" for its furniture products and services specified in the registration certificate. 15 U.S.C. § 1072.

7. The effect of such constructive notice under 15 U.S.C. § 1072 is to charge everyone with notice of plaintiff St. Charles' claim of ownership of its registered marks, including the claim that St. Charles has used such marks to identify the specified goods and services in the furniture business. The constructive notice effect of 15 U.S.C. § 1072 means that use of a name or mark which is the same or confusingly similar to the mark "St. Charles" as set forth in plaintiff's federal registration certificates cannot be justified by a claim of innocence, good faith or lack of knowledge.

8. Each of plaintiff St. Charles' registrations on the Principal Register, as set forth in Factual Finding No. 8 above, is prima facie evidence of the validity of the registration, of plaintiff's ownership of the mark and of plaintiff's exclusive right to use the mark in commerce in connection with the goods and services specified in the Certificates. (15 U.S.C. § 1057(b)).

9. Moreover, with respect to Registration No. 758,839 on the mark "St. Charles", plaintiff has complied with the requirements of 15 U.S.C. § 1065 such that its rights have become incontestable, as provided in that Section.

10. The incontestability of plaintiff's Registration No. 758,839 on the mark "St. Charles" is conclusive evidence of plaintiff's exclusive right to use the mark in connection with furniture products under 15 U.S.C. § 1115(b). *Union Carbide Corp. v. Ever-Ready, Inc.*, 531 F.2d 366, 372 (7th Cir.

1976); *Burger King of Florida, Inc. v. Hoots*, 403 F.2d 904 (7th Cir. 1968).

11. The facts set forth in Factual Findings Nos. 4 through 7 above, clearly establish that plaintiff has acquired a secondary meaning in the mark "St. Charles" in the States of Illinois, Missouri and throughout the United States and that such secondary meaning had been acquired before defendant's adoption of the mark "St. Charles".

12. In actions for infringement of rights in trade names and trademarks, Courts have a duty to protect the private rights of the original owner and the right of the public to be free from confusion, deception and mistake. *Mishawaka Mfg. Co. v. S. S. Kresge Co.*, 316 U.S. 203, 205, 62 S.Ct. 1022, 86 L.Ed. 1381 (1942).

13. 15 U.S.C. § 1116 provides for the issuance of injunctions to "prevent the violation of any rights of the registrant of a mark registered in the Patent and Trademark Office." Plaintiff is the owner of an incontestable federal registration on the mark "St. Charles" which establishes its *exclusive right* to use such mark in commerce in connection with the goods and services specified in its affidavit of use.

14. Defendant has used the identical mark "St. Charles" on goods which are the same or substantially similar to the goods as listed in plaintiff's federal registration No. 758,839. Such use by defendant constitutes a violation of plaintiff's right to exclusive use of the mark "St. Charles" accorded to it by statute and justifies the granting of injunctive relief against defendant's further use of the mark and violation of plaintiff's statutory rights.

15. Under 15 U.S.C. § 1114(1), 15 U.S.C. § 1125(a) and Counts 3 through 7 of the Complaint based on Illinois law, the test for infringement and unfair competition is likelihood of confusion. *Tisch Hotels, Inc. v. Americana Inn, Inc.*, 350 F.2d 609, 611 (7th Cir. 1965); *G. D. Searle & Co. v. Chas. A. Pfizer*, 265 F.2d 385 (7th Cir. 1959). At the minimum, defendant's actions raise a strong inference that such confusion will occur, justifying relief.

16. In assessing likelihood of confusion, the court should consider a number of factors including:

a) The strength of plaintiff's marks;

b) The similarity of the marks in appearance, sound and meaning;

c) The channels of trade or manner in which the products bearing the marks are sold;

d) The purchasers of the products;

e) The existence of actual confusion; and

f) The intent of the defendant.

See *Restatement of Torts*, Section 729; *Union Carbide Corp., supra* at 381–82.

17. As this court has found and concluded above, plaintiff's mark "St. Charles" is strong and widely recognized and is entitled to protection against unauthorized use by third persons on a wide variety of goods and services including those related to or which might be thought by the public to be associated with plaintiff and its goods and services.

18. Defendant's mark "St. Charles" is identical in sound and appearance to plaintiff's name and registered mark "St. Charles".

19. Defendants sell furniture products under the name and mark "St. Charles" to a class of people and through channels of trade which would bring defendant's products to the attention of the same consumers as may purchase plaintiff's furniture and products and services.

20. Defendants and plaintiff are each engaged in the sale and distribution of furniture products which are likely to be connected in the mind of a prospective purchaser when sold under the same or a similar mark.

21. Direct or market competition is not a prerequisite to protection against infringement of rights in trade names and trademarks or against unfair competition. *Polaroid Corp. v. Polaraid, Inc.*, 319 F.2d 830 (7th Cir. 1963).

22. The persons to be considered in determining whether confusion is likely to be caused by defendant's use of "St. Charles" in connection with furniture products and plaintiff's extensive use of its "St. Charles" name and mark are not only the intelligent, the experienced and the astute, but also the ignorant, the inexperienced and the gullible. *Tisch Hotels, Inc. v. Americana Inn, supra* at 614.

23. Proof of actual confusion is not necessary for relief against trade name or trademark infringement and unfair competition. *Union Carbide Corp., supra* at 383. In this case, only one case of actual confusion has been brought to light. While isolated instances of actual confusion by themselves have been held insufficient to sustain a finding of likelihood of confusion, evidence of actual confusion has still been held to be the best evidence of likelihood of confusion. *Id.*

24. Good faith or lack of intent to infringe is not a defense to liability for infringement. J. Thomas McCarthy, *Trademarks and Unfair Competition* 23.30–§ 23.32. Defendants have denied any intent to trade on plaintiff's good will, but fraudulent or wrongful intent is not an essential element of actionable infringement or dilution of plaintiff's rights in its name and mark "St. Charles".

25. Defendant or its parent corporation was aware of trademarks and trademark law, yet neglected to order either a trademark search or elicit an opinion from any counsel concerning its ability to adopt and use the name "St. Charles". In any event, newcomers to a field of business have an infinity of nonconflicting names from which to choose and have a duty to select a name which is totally dissimilar to a trade name and trademark already being used for related goods. *Watkins' Products, Inc. v. Sunway Fruit Products, Inc.*, 311 F.2d 496, 499 (7th Cir. 1962).

26. Defendant St. Charles refused to cease use of the name "St. Charles" after notification of plaintiff's exclusive right to use such marks in commerce. It is an act of unfair competition to continue the use of a confusingly-similar mark after notice to stop, regardless of the innocence or lack thereof in the original adoption. *Restatement of Torts*, Section 716; *Tisch Hotels, Inc., supra; Fleischmann Distilling Corp. v. Maier Brewing Co.*, 314 F.2d 149 (9th Cir. 1963).

27. In view of the facts in the present case, the determination of likelihood of confusion partakes more of the character of a conclusion of law than a finding of fact. An inference of likelihood of confusion may be derived from the undisputed facts before the Court on this Motion and likelihood of confusion is a matter which may be determined by the court as a conclusion of law. *Sterling Drug, Inc. v. Lincoln Laboratories*, 322 F.2d 968 (7th Cir. 1963); *Union Carbide Corp., supra; General Foods Corp., supra.*

28. Therefore, this court concludes that defendants' use of "St. Charles" in connection with the sale, offering for sale, distribution and advertising of their furniture products:

(a) is likely to cause persons to believe that defendant's products are in some way connected with plaintiff, or is likely to cause confusion or to cause mistake or to deceive within the meaning of Section 1114(1) of the 1946 Trademark Act.

(b) is likely to cause a misunderstanding or to confuse the public as to the source or sponsorship, affiliation or association of defendant St. Charles with plaintiff within the meaning of the Illinois Deceptive Trade Practices Act, Chap. 121½, Illinois Revised Statutes § 312; *Polaroid Corp., supra* at 833–34; *Lady Esther, Ltd. v. Lady Esther Corset Shoppe, Inc.*, 317 Ill.App. 451, 46 N.E.2d 165 (1943).

(c) is likely to cause a false designation or representation under 15 U.S.C. § 1125(a); *Boston Professional Hockey Assn., Inc. v. Dallas Cap Mfg., Inc.*, 510 F.2d 1004, *cert. denied*, 96 S.Ct. 132, 423 U.S. 868, 46 L.Ed.2d 98, *rehearing denied*, 96 S.Ct. 408, 423 U.S. 991, 46 L.Ed.2d 312 (5th Cir. 1975); *Menley & James Laboratories, Ltd. v. Approved Pharmaceutical Corporation, et al.*, 438 F.Supp. 1061 (N.D.N.Y.1977).

(d) is likely to cause confusion or mistake or to deceive as to the source or origin of the goods under Illinois Revised Statutes, Chap. 140, § 19. *Lady Esther, Ltd. v. Lady Esther Corset Shoppe, supra.*

29. Plaintiff has shown that its mark is distinctive and entitled to protection against the adverse effects the uncontrolled and unauthorized use by defendant will have on that mark.

30. Thus, the court concludes that defendant's use is likely to dilute the distinctive quality of plaintiff's trade name and mark "St. Charles" within the meaning of the Illinois Revised Statutes, Chapter 140 § 22; *Polaroid Corp., supra; Lady Esther, Ltd., supra.*

31. By these aforesaid actions, defendants have violated and infringed St. Charles' rights in its registered mark "St. Charles" and have caused unfair competition under the Trademark Act, the Illinois statutes and common law.

32. Defendant St. Charles refused to cease use of the mark "St. Charles" upon receipt of notification by plaintiff of its rights in the mark. Such refusal followed by defendant's continued use of the mark comprises willful and wanton infringement of plaintiff's trademark.

33. Under Rule 65 of the Federal Rules of Civil Procedure and 15 U.S.C. § 1116, the trial court has substantial discretion to grant a preliminary injunction to preserve the status quo. The status quo is the last peaceable, uncontested status of the parties which preceded the actions giving rise to the issue in controversy. *Doeskin Products, Inc. v. United Paper Co.*, 195 F.2d 356 (7th Cir. 1952); *Westinghouse Electric Corp. v. Free Sewing Mach. Co.*, 256 F.2d 806, 808 (7th Cir. 1958).

34. A preliminary injunction is an extraordinary remedy. The decision to grant or deny a preliminary injunction depends upon a balancing of several factors, including the likelihood of success on the merits, the lack of adequate remedy at law, the lack of irreparable harm if the injunction is not issued and a comparison of the relative hardships imposed on the parties. *F. E. L. Publications v. National Conference, etc.*, 466 F.Supp. 1034, 1040 (N.D.Ill. 1978).

35. Plaintiff has demonstrated that, should the defendants' practices continue, it will suffer irreparable harm to its reputation and good will, and that its trademark will be unlawfully diluted.

36. Defendants' failure to exercise control over third party advertisers' use of its name and mark is likely to cause irreparable harm to plaintiff St. Charles.

37. The facts and the law, as set forth above, show that plaintiff has established a strong probability of success in a trial on the merits in this case. They also show, given the long prior use of the mark and defendant's very short period of use of the identical mark, that the balance of hardships tips decidedly in St. Charles' favor. Therefore, the issuance of preliminary injunctive relief is, in this court's opinion, necessary and proper.

38. Accordingly, defendants are preliminarily enjoined from using the name "St. Charles" in connection with the sale or advertising of any of its furniture products. Defendants are directed to file with the court and serve upon the plaintiff a report in writing under oath setting forth in detail the manner and form in which the defendants have complied with the injunction. Said report is due thirty (30) days after the issuance of this injunction. Pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, plaintiff is required to post security. The amount of this security shall be determined at a hearing before this court on September 18, 1979 at 10:00 A.M. The injunction shall take effect upon posting of this security.

39. Any finding of fact which may be more properly termed a conclusion of law shall be deemed a conclusion of law.

40. Any conclusion of law which may be more properly termed a finding of fact shall be deemed a finding of fact.